[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Carol M. Owens moves for summary judgment on the ground the claims asserted by the two plaintiffs, Angelo Russo and Joseph Dellaquilla, Jr., are barred by statutes of limitation. For the reasons set forth below, the motion is denied.
The plaintiffs, Angelo Russo and Joseph Dellaquilla, Jr., brought this suit to recover losses that they incurred when a partnership in which they are limited partners lost property in a foreclosure proceeding. The plaintiffs have sued Carol M. Owens in her individual capacity and in her capacity as the executrix of the Estate of Robert Owens, deceased. Carol M. Owens lent money to the partnership and thereafter obtained title to the partnership's property in the foreclosure proceeding. Her husband, Robert Owens, was the general partner of the limited partnership.
In the first count of the five count complaint, the plaintiffs assert a cause of action against the Estate of Robert Owens on the theory Robert Owens' conduct in respect to the loan and foreclosure proceeding constituted a breach of his fiduciary responsibilities to the partnership. On November 18, 1994, the partnership borrowed money from Carol M. Owens and secured the loan with a mortgage on its property. On October 18, 1995, Carol M. Owens redeemed the property in a foreclosure proceeding that was brought by another creditor of the partnership. The plaintiffs commenced this lawsuit on October 22, 1998, which is the date Carol M. Owens was served with process.
The defendant has plead General Statutes § 52-577, which sets forth a three year limitation period, as a bar to the first count. A factual dispute exists as to whether the plaintiffs' right of action accrued on the date the loan and mortgage were executed, November 18, 1994, or the date Carol M. Owens acquired title to the property, October 18, 1995. If the correct date is November 18, 1994, this claim is barred. If the correct CT Page 15547 date is October 18, 1995, the plaintiffs' cause of action is saved from being barred by operation of General Statutes §§ 45a-358, 45a-363, and45a-375 (b), which allow for a statute of limitations to be extended when a claim is presented to the fiduciary of an estate. Under these statutes, assuming October 18, 1995, is the correct date, the plaintiffs had until February 19, 1999, to commence suit on the claim that is set forth in the first count. Since a motion for summary judgment is not the appropriate procedure to resolve the factual dispute as to the correct date, the motion for summary judgment is denied with respect to this count.
In the second count, the plaintiffs seek to recover the property that Carol M. Owens obtained in the foreclosure proceeding on the theory that, because she obtained the property while her husband was the general partner of the partnership, she now holds the property under equitable principles as a constructive trustee for the benefit of the partnership. The parties dispute whether the applicable statute of limitations is General Statutes § 52-576 (six years) or § 52-577 (three years). It appears that § 52-576 applies to this claim. Accordingly, the motion for summary judgment is denied with respect to this count.
In the third count, the plaintiffs seek money damages from Carol M. Owens on the theory she was unjustly enriched since the value of the property that she acquired far exceeded the partnership's debts. In her answer and special defense (Item #102 in the court file), the defendant did not allege that the third or fourth count were barred by a statute of limitation. She only pleaded this defense with respect to the first, second, and fifth count. In her motion for summary judgment, the defendant claims that all counts are barred by statutes of limitations. The parties dispute whether the applicable statute of limitations for the claim assert in the third count is General Statutes § 52-576 (b) (six years) or General Statutes § 52-577 (three years). It appears that § 52-576 (b) applies to the claim asserted in the third count. Accordingly, the claim is timely and the motion for summary judgment is denied with respect to this count.
In the fourth count, the plaintiffs assert a claim against the estate based on the theory Robert Owens failed to provide annual financial statements to the partnership showing distributions and compensation. The partnership agreement required such information to be provided on an annual basis. A six year statute of limitation, General Statutes § 52-576, is applicable to an action for an accounting. While part of this claim, which includes failures to disclose that allegedly occurred as far back as 1982 and 1983, may be barred by the statute of limitations, the plaintiffs seek an accounting for a period of time that is not barred by the statute. As stated above, the defendant has not plead that the fourth count is barred CT Page 15548 by a statute of limitation. The motion for summary judgment with respect to this count is denied.
In the fifth count, the plaintiff asserts a claim against the estate based on the theory Robert Owens conduct in managing the partnership violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The pertinent statute, Gen. Stat. § 42-110g (f), provides for a three year limitation. "The period of limitations for claims brought under CUTPA begins on the date that the unfair practice occurs. Even claims of fraudulent concealment do not toll the CUTPA statute [of limitations]. Ives v. NMTC, Inc., 46 Conn. Sup. 235, 239, 746 A.2d 236
(1999). The defendant claims that the last date on which an unfair trade practice could have occurred was the date on which mortgage note and deed were executed, which was November 18, 1994. The plaintiffs, however, claim that the wrongful conduct continued beyond this date, that the claim was timely presented to the executrix, and that suit was thereafter timely brought. The plaintiffs allege wrongful conduct by Robert Owens between the years 1982 and 1994, when he allowed a substantial tax arrearage to accumulate on the property, and wrongful conduct in 1995 and thereafter. There is a question of fact as to the dates on which the alleged unfair trade practices occurred. Accordingly, the motion for summary judgment as to the fifth count is denied.
For the foregoing reasons, the motion for summary judgment is denied. CT Page 15549